**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2351**

JAMES L. HOOPER, M.D.,

        Petitioner,

        v.

ERIC H. HOLDER, JR.; UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION; MICHELLE M. LEONHART,
Administrator, United States Department of Justice, Drug
Enforcement Administration,

        Respondents.

On Petition for Review of an Order of the Drug Enforcement
Agency. (11-66)

Submitted: May 1, 2012          Decided: June 6, 2012

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Allen H. Sachsel, Fairfax, Virginia, for Petitioner.  Lanny A.
Breuer, Assistant Attorney General, Anita J. Gay, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James L. Hooper, M.D., petitions for review of a Drug Enforcement Agency (DEA) order revoking his DEA registration for controlled substances. We deny the petition for review.

## I.

In November 2010, the Maryland State Board of Physicians charged Hooper with violating the Maryland Medical Practice Act by engaging in unprofessional conduct, showing professional incompetence, and prescribing drugs for illegitimate medical purposes. In May 2011, Hooper entered a consent agreement with the Board, acknowledging violations of the Act and agreeing to a one-year suspension of his medical license beginning June 7, 2011. Pursuant to this agreement, Hooper was also placed on a minimum of two years of probation following the suspension.

Based on Hooper's suspension, the DEA issued a show-cause order asking whether his DEA registration for controlled substances should be revoked under the Controlled Substances Act (CSA), 21 U.S.C. § 824(a)(3) & (4). Hooper responded that his DEA registration should be suspended but not revoked. An Administrative Law Judge granted summary disposition in favor of the DEA and recommended revocation of Hooper's registration "in view of the presently uncontroverted fact that [Hooper] lacks

2

state authority to handle controlled substances." (J.A. 53-54). The DEA Administrator (DA) adopted the ALJ's recommendation and revoked Hooper's registration. The DA noted that no decision "has held that a suspension (rather than a revocation) is warranted where a State has imposed a suspension of a fixed or certain duration," and the "DEA has long and consistently interpreted the CSA as mandating the possession of authority under state law to handle controlled substance as a fundamental condition for obtaining and maintaining a registration." (J.A. 61). Hooper now petitions for review of the DA's order.

## II.

Under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), "the DA's choice of sanction is entitled to substantial deference and will be set aside only if [the] decision is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Chein v. DEA, 533 F.3d 828, 835 (D.C. Cir. 2008) (quoting 5 U.S.C. § 706(2)(A)). If the DA's sanction is a "flagrant departure from DEA policy and practice," and that departure is "not only unexplained, but entirely unrecognized in the [DA's] decision," the DA's sanction will fail this deferential standard. Morall v. DEA, 412 F.3d 165, 183 (D.C. Cir. 2005). Likewise, to the extent Hooper challenges the DA's interpretation of the CSA, the DA's

3

"construction of the controlling statute must be upheld if it is sufficiently reasonable." Trawick v. DEA, 861 F.2d 72, 75 (4th Cir. 1988).

The CSA sets forth a detailed regulatory framework for handling controlled substances and "requires that every practitioner who dispenses or distributes any controlled substances in connection with his practice obtain a certificate of registration." Id. at 74. Relevant here, the CSA permits "practitioners" to receive DEA registration for dispensing controlled substances "if the applicant is authorized to dispense . . . controlled substances under the laws of the State in which he practices." 21 U.S.C. § 823(f). The CSA defines a "practitioner" as "a physician" who is "licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which he practices . . . to distribute [or] dispense . . . a controlled substance in the course of professional practice." 21 U.S.C. § 802(21).

The CSA also provides for the removal of that dispensing power in certain situations.[*] Section 824 provides for the suspension or revocation of a registration in five circumstances, one of which is that the registrant "has had his

_____

[*] Section 824's sanction power is vested in the Attorney General. Pursuant to regulation, the Attorney General has delegated this power to the DA. 28 C.F.R. § 0.100(b).

4

State license or registration suspended, revoked, or denied by competent State authority and is no longer authorized by State law to engage in the . . . dispensing of controlled substances." 21 U.S.C. § 824(a)(3).

In his petition for review, Hooper concedes that his "State license" was "suspended" and does not dispute that his DEA registration may be suspended or revoked pursuant to § 824(a). He contends, however, that the DA's decision in his case failed to recognize the discretion under § 824(a) to revoke or suspend a registration and that it was impermissible for the DA to conclude that the CSA requires revocation of a practitioner's DEA registration when the practitioner's State license is suspended. Hooper contends that the DA's conclusion "reads the suspension option [in § 824(a)] out of the statute." (Petitioner's Br. at 11).

We find Hooper's contention unconvincing. Section 824(a) does state that the DA may "suspend or revoke" a registration, but the statute provides for this sanction in five different circumstances, only one of which is loss of a State license. Because § 823(f) and § 802(21) make clear that a practitioner's registration is dependent upon the practitioner having state authority to dispense controlled substances, the DA's decision to construe § 824(a)(3) as mandating revocation upon suspension of a state license is not an unreasonable

5

interpretation of the CSA. The DA's decision does not "read[]" the suspension option" out of the statute, because that option may still be available for the other circumstances enumerated in § 824(a).

In addition, the decision by the DA in Hooper's case is not arbitrary and capricious because, rather than being a "flagrant departure from DEA policy and practice," the DA's decision represents longstanding practice. Morall, 412 F.3d at 183. The DA has consistently found "that the CSA requires the revocation of a registration issued to a practitioner whose state license has been suspended or revoked . . . even where a state board has suspended (as opposed to revoked) a practitioner's authority with the possibility that the authority may be restored at some point in the future." Calvin Ramsey, M.D., 76 Fed. Reg. 20034, 20036 (2011) (citations omitted).

We have reviewed Hooper's other contentions and likewise find them without merit. Accordingly, the petition for review is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

6